Everett **TUCKER**, Plaintiff In Error,

v.

The **STATE** of Oklahoma, Defend-
ant in Error.

No. A–16842.

Court of Criminal Appeals of Oklahoma.

Nov. 3, 1971.

Robert P. Kelly, Bruce W. Gambill, Paw-
huska, for plaintiff in error.

Larry Derryberry, Atty. Gen., Paul
Crowe, Asst. Atty. Gen., for defendant in
error.

BUSSEY, Presiding Judge.

Everett Tucker, hereinafter referred to
as defendant, entered a plea of guilty in the
District Court of Osage County, Oklaho-
ma for the offense of Murder. On May

13, 1935, his punishment was fixed at life
imprisonment, and from said judgment and
sentence, an application for postconviction
relief was denied by the trial court of
Osage County on April 22, 1971, and from
said order denying postconviction relief, an
appeal has been perfected to this Court.

The defendant asserts four propositions
of error, which allege that his constitu-
tional rights were violated, in that he did
not intelligently waive his right to counsel,
and further, that he entered the plea of
guilty because of threats made by the coun-
ty attorney concerning the electric chair.
At the hearing on defendant's petition for
post-conviction relief, the trial court after
reviewing the court's records and hearing
the testimony of the defendant, made the
following findings of fact and conclusions
of law:

"1. That the defendant was duly charg-
ed by criminal complaint of the
crime of Murder on March 25,
1935, and a warrant for his arrest
was issued; "said defendant was
arrested on May 10, 1935 and was
taken before W. E. Schwaba, Jus-
tice of the Peace, with jurisdiction
to hear said criminal complaint;
and apparently upon having his
rights explained to him at his ar-
raignment, he waived the right to a
Preliminary Hearing and was
bound over to the District Court for
further proceedings.

"The Court finds that on May 13 of
said year, defendant was brought
before the Honorable Jesse J. Wor-
ten, Judge of the District Court of
Osage County, who again advised
him of right to counsel which de-
fendant declined, and entered his
plea of guilty to the charge of Mur-
der, and sentenced to life imprison-
ment.

"2. The Court finds that during the
time the defendant was incarcerat-
ed, that he was in a cell in the coun-
ty jail of Osage County with his

brother, who was charged as the co-defendant in this case.

"3. The Court finds that the Clerk's minutes reflect that said defendant did not have an attorney, and that he did not desire an attorney.

"4. The Court further finds that although the defendant was of limited formal education, there is nothing in his testimony to show that he was coerced or threatened; further that he was not at any time mistreated by any law officer and, however, he might have been made aware of the possible punishment of the crime of Murder he received the minimum punishment, life imprisonment.

"5. The Court further finds that some thirty-six years have transpired since this sentencing, that none of the endorsed witnesses to this Court's knowledge are still alive.

"6. The Court further finds that the defendant's testimony was, and is, the only testimony available except the existing records and minutes of the District Court Clerk's office of Osage County.

"7. The Court further finds that the defendant, although he was only nineteen years of age when arrested, that he was with his brother at all times, and his brother apparently had some experience with court proceedings, having been previously convicted of a Felony and served a term of years in the federal prison of Leavenworth, Kansas.

"Conclusions of Law: The District Court of Osage County, Oklahoma, had full jurisdiction over said defendant at all times material to the Application filed herein and, "further, that the defendant voluntarily waived his right to a Preliminary Hearing, and voluntarily waived his right to counsel, that the defendant received a minimum number of years for the charge of Murder; that he was not coerced or threatened, the said plea was voluntary; thirty-six years having elapsed prior to this hearing, and that the Petitioner was denied no rights afforded him by either the Constitution of the State of Oklahoma, or the United States of America.

"Wherefore, it is the ORDER, JUDGMENT, and DECREE of this Court that the Application of Post-Conviction Relief, is hereby denied and defendant is allowed an exception."

We have carefully examined the defendant's testimony and the records, and after considering such, are of the opinion that the trial court's findings of fact and conclusions of law are supported by the Record. We have previously held that where such a conflict between the parties as to what actually happened before, during, and after arraignment, the minutes of the Court will be given great weight. The trial court's denial of postconviction relief is hereby affirmed.

BRETT, J., concurs.